Robert M. Waxman (SBN 89754)
  rwaxman@ecjlaw.com
Cate A. Veeneman (SBN 301574)
  cveeneman@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for VIZIO Services, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VIZIO SERVICES, LLC, a Delaware Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>SORENSON MEDIA, INC., a Delaware Corporation; JAMES LEVOY SORENSON, an individual; and DOES 1 through 10;<br><br>Defendants | Case No. 8:18-CV-001275<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT;**<br>2) **GOODS AND SERVICES RENDERED;**<br>3) **AN ACCOUNTING; AND**<br>4) **IMPOSITION OF A CONSTRUCTIVE TRUST** |

14676.1:9300656.3

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

Plaintiff, VIZIO SERVICES, LLC, a limited liability company organized under the laws of the State of Delaware ("VS" or "Plaintiff"), submits this Complaint against Defendants SORENSON MEDIA, INC., a Delaware Corporation ("Sorenson Media"), JAMES LEVOY SORENSON, an individual ("JS"); and DOES 1-10, inclusive, and alleges as follows:

## THE PARTIES

1.  Plaintiff VIZIO Services, LLC is a single member limited liability company organized under the laws of the State of Delaware, with its principal place of business in Irvine, California. Plaintiff has acquired the rights to resell certain data collected from VIZIO-branded consumer electronic devices. VIZIO, Inc. ("VIZIO") is a California corporation and is the sole member of Plaintiff. VIZIO likewise has its principal place of business in Irvine, California.

2.  Plaintiff is informed and believes, and thereon alleges, that Defendant Sorenson Media, Inc., is a corporation incorporated under the laws of Delaware, with its principal place of business in Draper, Utah.

3.  Plaintiff is informed and believes, and thereon alleges, that Defendant James LeVoy Sorenson is an individual residing in Draper, Utah and is the founder as well as the Chairman of the Board of Sorenson Media.

4.  Plaintiff is ignorant of the true names and capacities of the defendants named herein as DOES 1 through 10, inclusive ("Doe Defendants") (collectively, with all other Defendants whether named, added by Doe Amendment or otherwise joined into the action shall sometimes hereinafter be referred to as "Defendants") and therefore names said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are in some manner responsible to VS for the wrongful conduct and occurrences alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of any fictitiously named defendants once they have been ascertained.

///

14676.1:9300656.3

1

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was acting as an agent, representative, servant, partner, or employee of each of the other Defendants and was acting in the course and scope of such agency, employment and representation. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants directed, authorized, affirmed, consented to, ratified, encouraged, approved, adopted, and/or participated in the acts or transactions of each or any of the other Defendants as alleged herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action due to a diversity of citizenship pursuant to 28 U.S.C. § 1332 because at all times relevant hereto Sorenson Media was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Draper, Utah, while Plaintiff is informed and believes, and thereon alleges, that JS likewise resides in Draper, Utah, whereas (a) Plaintiff is a Delaware limited liability company with its principal place of business in Irvine, California, and (b) the single member of Plaintiff is VIZIO, which is a California corporation that also has its principal place of business in Irvine, California. The amount in controversy exceeds $75,000.000 exclusive of interest and costs. Further, the parties or their assignors have previously agreed in writing to submit to the exclusive jurisdiction of the above-entitled Court as part of a binding contract between the parties or their assignors.

7. Similarly, venue in the above-entitled Court is proper as the parties previously agreed in writing to submit to the exclusive venue of the United States District Court for the Central District of California for any action related to the contractual agreement between the parties. Further, venue in the above-entitled Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, namely the failure to pay monies due and owing to it.

14676.1:9300656.3

2

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

# FACTUAL ALLEGATIONS

8. The sole member of VS is VIZIO. VIZIO is in the business of designing and selling consumer electronic devices.

9. On or around May 8, 2015, VIZIO and Sorenson Media entered into a Data Licensing Agreement (the "Agreement") in which VIZIO would license the use of certain Data to Sorenson Media as Licensee. Data was defined in that Agreement to mean "any data, text, materials, information, reports and any other content that VIZIO makes available to Licensee under this Agreement as further detailed in an Order Form."

10. Section 2.1 of the Agreement provides that the parties would enter into written order forms to define the specific Data fields and records to be provided to Sorenson Media by VIZIO. Although each Order Form was incorporated by reference into the Agreement under Section 2.1, none of the former would modify the latter unless the Order Form specifically identified the items to be modified and expressed a clear intent to modify any such terms.

11. The term of the Agreement was specified in Section 13.1, beginning with the Effective Date, *i.e.,* May 8, 2015, and continuing until the expiration or termination of the final Order Form agreed to under the Agreement.

12. Section 3.1 of the Agreement provides that subject to the terms and conditions thereof, Sorenson Media was granted a limited, non-exclusive, revocable, non-sublicensable, non-assignable, non-transferable license during the Term to use the Data solely as described in the applicable Order Form.

13. Section 6.1 of the Agreement requires Sorenson Media to pay all Data Fees due to VIZIO within 30 days after invoice, with the Data Fees to be set forth in the Order form, while Section 6.2 of the Agreement mandates that Sorenson Media make such payment by either wire transfer or check drawn upon a nationally recognized U.S. Bank.

///

14676.1:9300656.3

3

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

14. Section 14.4 of the Agreement provides that the laws of the State of California and the United States without regard to conflicts of law principals should govern any action related to the Agreement, while vesting exclusive jurisdiction and venue of such action in the state courts of Orange County, California or the United States District Court for the Central District of California; and, with each party submitting itself to the exclusive jurisdiction and venue of such courts for the purpose of any such action.

15. The Agreement was amended by VIZIO and Sorenson Media pursuant to Amendment One, effective June 15, 2015. This Amendment was to supplement the Order Form dated May 1, 2015 and to specify an approved subcontractor thereunder.

16. VIZIO and Sorenson Media entered into Order Form for Data License Agreement, effective May 1, 2015, and to continue for 3 years thereunder pursuant to Section 2.1 unless terminated sooner in accordance with the terms thereof.

17. The Order Form for Data License Agreement included as Attachment 1, the Data License Fees Addendum. This Data License Fees Addendum specified that for each calendar month during the Order Term, Sorenson Media was to pay VIZIO the greatest of (a) the amount specified by the Payment Schedule set forth in Section 1.1.1 thereof, (b) the sum of the License Minimum Customer Payments as defined in Section 1.1.2 of the Data Fees License Addendum, or (c) the Gross Revenue Share as defined in Sections 1.1.4 – 1.1.5 of the Data Fees License Addendum.

18. Plaintiff is informed and believes, and thereon alleges, that monies owing to it for either the Minimum License Customer Payment or Gross Revenue Share terms of the Agreement can be calculated only from the financial and/or accounting books and records under the possession, custody or control of Sorenson Media.

///

19. The Order Form for Data License Agreement included as Attachment 2, the Data and Delivery components for the Data fields VIZIO was to provide to Sorenson Media.

20. On or about January 1, 2016, VIZIO assigned all of its rights and interest under the Agreement and Amendment 1 thereto as well as the Order Form for Data License Agreement to VIZIO Inscape Services, LLC, a Delaware Limited Liability Company ("VIS").  Subsequently, VIS changed its name to VIZIO Services, LLC, *i.e.,* VS.

21. Plaintiff, as assignee of VIZIO, and Sorenson Media then entered into Amendment 2 to the Order Form, effective June 1, 2016.  The purpose of that Amendment was to supplement and amend the Order Form attached to the Agreement and to provide for a Service Level Agreement between the parties.  The Service Level Agreement was attached as Exhibit 1 to Amendment 2 and labelled "Order Form – Attachment 3 Service Level Agreement."

22. Amendment 2 specifies in Section 2.2.1 that the Order Form was to commence on May 1, 2015 and continue for 4 years thereafter unless terminated sooner pursuant to the terms thereof ("Order Term").

23. Section 2.3.1 of Amendment 2 provides that the Payment Schedule specified in Section 1.1.1 of the Order Form was to remain in force for the initial 36 months, *i.e.,* from May 1, 2015 to May 1, 2018, but that the License Minimum Customer Payment and Gross Revenue Share provisions respectively defined in Sections 1.1.2 and 1.1.5 of the Order Form would remain in force during the entirety of the Order Term.

24. On or about May 27, 2016, Sorenson Media and Plaintiff entered into a second Order Form (the "Licensee Feeds Order Form") in which Sorenson Media agreed to provide to VS (at no extra cost) all local television broadcast feeds and associated national content and advertisements that Sorenson Media receives (the "Licensee Data Feeds").  The License Fee Order Form provides that it is likewise

subject to the Agreement.

25. Section 1.1 of the License Fees Order Form specifies that the Order Term was to begin on May 27, 2016 and be contemporaneous with the Order Form for Data License Agreement, but provided that if Plaintiff terminates the latter due to the breach thereof by Sorenson Media, then the License Fees Order Form would continue through April 30, 2019.

26. Under Section 2.2 of the Licensee Feeds Order Form, if Sorenson Media should at any time decide to remove one or more individual feeds (but not all) from the data it provides Plaintiff, it must first give VIS sufficient notice.

27. Plaintiff and Sorenson Media entered into Amendment 1 to Order Form for Data License Agreement for License Feeds, as of August 24, 2017. This Amendment includes the additional License Feeds described therein.

28. Beginning in or about February, 2018, without providing any advance notice, Sorenson Media abruptly stopped paying the Data Licensing Fee to Plaintiff, in derogation of the Agreement and related Order Forms. Similarly, in or about June 2018, Sorenson Media stopped providing the Data Licensee Feeds to VS, contrary to the terms of the License Fees Order Form as amended. In fact, on May 29, 2018 Sorenson Media sent VIZIO a purported written notice of termination of the Agreement - - which made no mention of the License Data Fees, but nevertheless stated -- that Sorenson Media "will pay VIZIO the greater of the License Minimum Customer Payment received or the Gross Revenue Share received by Sorenson Media during the [next 90 days] as Attachment 1 to the Order Form." However, notwithstanding this May 29 "notice", Sorenson Media has failed to make even those promised payments.

29. On July 13, 2018, VIZIO sent Sorenson Media a demand for payment (the "July 2018 Payment Demand"). Sorenson Media has made no substantive response to the July 2018 Payment Demand.

14676.1:9300656.3

6

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

# FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

30. Plaintiff restates, realleges, and incorporates paragraph 1-29 as if fully set forth herein.

31. Plaintiff is informed and believes, and thereon alleges, that at all relevant times there existed a unity of interest and ownership between Sorenson Media and JS, such that JS is the alter ego of Sorenson Media. Plaintiff is further informed and believes, and thereon, alleges that adherence to the fiction of the separate existence of JS and Sorenson Media would permit an abuse of the corporate privilege and promote injustice by protecting JS from liability for the wrongful acts committed by him, through or under the name of Sorenson Media.

32. On or about May 8, 2015, VIZIO and Sorenson Media entered into the Agreement.

33. VIZIO and later VS have performed each of the obligations required under the Agreement and the Order Forms related thereto, except for those obligations that have been waived or which they have otherwise been excused from performing due to Defendants' breach thereof.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants have breached the terms of the Agreement and the Order Forms related thereto, by among other things, failing to:

   (a) Pay the Data Licensing Fee of no less than $750,000 based largely on the Payment Schedule set forth in Section 1.1.2 of the Data Fees License Addendum as amended by Section 2.3.1 of Amendment 2 of the Order Form from in or about February 2018, through the present date.

   (b) Failing to make available to Plaintiff the Licensee Data Feeds from in or about June 2018 through the present date.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants have also breached the implied covenant of good faith and fair dealing which is

implied in all contracts, in the acts taken above, which have substantially deprived Plaintiff of material fruits and benefits of the Agreement and related Order Forms.

36. As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has suffered damage in a sum which is not presently ascertainable but which exceeds the amount of $750,000, plus interest in accordance with applicable law, as well as the costs to cover for the License Data Feeds which Defendants' abruptly terminated.

## SECOND CAUSE OF ACTION
## (COMMON COUNT FOR GOODS AND SERVICES RENDERED AGAINST ALL DEFENDANTS)

37. Plaintiff restates, realleges, and incorporates paragraph 1-36 as if fully set forth herein.

38. Per the Agreement and the Order Forms related thereto, VIZIO and later Plaintiff, diligently provided the required Data to Sorenson Media.

39. In return for the Data, Sorenson Media had agreed to pay the Data Licensing Fees and provide the Licensee Data Feeds to VIZIO and then to Plaintiff.

40. As a result thereof, Sorenson Media has become indebted to Plaintiff in a sum not presently ascertainable but which exceeds the amount of $750,000.

41. Plaintiff has demanded payment of the Data Licensing Fees from Sorenson Media through the present date as well its costs to cover for the License Data Feeds which Defendants abruptly terminated.

42. Defendants have failed and refused, and continue to fail and refuse, to pay the unpaid sum of at least $750,000, or any part thereof.

43. Plaintiff has thus suffered damages in a sum not presently ascertainable but which exceeds the amount of $750,000, plus interest in accordance with applicable law, and is entitled to recover said sum from Defendants, together with the costs to cover for the License Data Feeds which Defendants abruptly terminated.

14676.1:9300656.3

8

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST

## THIRD CAUSE OF ACTION
## (AN ACCOUNTING AGAINST SORENSON MEDIA)

44. Plaintiff restates, realleges, and incorporates paragraph 1-30 and 32-43 as if fully set forth herein.

45. Section 10.2.1 of the Agreement provides Plaintiff with the right to audit Sorenson Media in order to verify the latter's compliance with the terms of the Agreement and related Order Forms, while Section 16.2.3 states that (a) if errors or discrepancies in the amount payable are found, the parties shall promptly cure same, and (b) in the event that the audit finds an underpayment of more than 5% of the Fees payable for the audited period, Sorenson Media shall reimburse Plaintiff for the reasonable costs, fees and expenses of the audit.

46. Per Section 10.2.1 of the Agreement, Sorenson Media was required to keep complete and accurate books and records pertaining to the licensing and use of the Data provided to it under the terms thereof and the total amount and computation of fees thereunder.

47. Sorenson Media has the means and information as well as the obligation to fully account to Plaintiff concerning all monies owed to it under the Agreement and the related Order Forms. Plaintiff therefore requests an order requiring Sorenson Media (a) to permit and/or provide such an accounting and audit, (b) to the extent that such audit finds an underpayment of more than 5% of the fees payable for the audited period, to reimburse VS for any costs, fees or expenses incurred in connection therewith.

## FOURTH CAUSE OF ACTION
## (IMPOSITION OF A CONSTRUCTIVE
## TRUST AGAINST SORENSON MEDIA)

48. Plaintiff restates, realleges, and incorporates paragraph 1-30, and 32-47 as if fully set forth herein.

49. As a proximate result of the wrongful acts hereinabove alleged,

Sorenson Media is or will be in possession of substantial sums of money from its failure to pay the Data Licensing Fees, which sums should properly be conveyed to Plaintiff.

50. Plaintiff is informed and believes, and thereon alleges, that by reason of the wrongful manner in which Sorenson Media either has obtained or will obtain, such sums, Sorenson Media is or will be the involuntary trustee thereof, holding these sums in constructive trust for Plaintiff and with the duty to convey same to VS forthwith.

51. Plaintiff is unable to ascertain the precise amount of such sums that are now, or hereafter will be held by Sorenson Media as constructive trustee, without a full and complete accounting by Sorenson Media.

WHEREFORE, Plaintiff prays for judgment as follows:

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

(1) For damages to be proven at time of trial, but believed to be no less than $750,000 with lawful interest thereon, together with the costs to cover for the License Data Feeds which Defendants abruptly terminated;

(2) Reasonable costs;

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

(3) For damages to be proven at time of trial, but believed to be no less than $750,000 with lawful interest thereon, together with the costs to cover for the License Data Feeds which Defendants abruptly terminated;

(4) Reasonable costs;

### THIRD CLAIM FOR RELIEF AGAINST SORENSON MEDIA

(5) For an order compelling Sorenson Media to (a) perform and/or permit an audit and then account fully to Plaintiff for all moneys now and hereinafter owed to VS under the Agreement as well as the related Order Forms, and (b) to the extent that any such audit finds an underpayment of more than 5% of the fees payable for the audited period, to reimburse Plaintiff for all fees, costs and expenses incurred in

connection therewith;

### FOURTH CLAIM FOR RELIEF AGAINST SORENSON MEDIA

(6) For a declaration that Sorenson Media now holds, and will hereinafter hold, all monies received as a result of the wrongful acts hereinabove alleged in trust for Plaintiff;

(7) For an order compelling Sorenson Media to account fully to Plaintiff for all moneys now and hereinafter owed to the latter under the Agreement and related Order Forms;

(8) To transfer possession of such monies to Plaintiff.

### ON ALL CLAIMS FOR RELIEF

(9) For costs of suit; and

(10) For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: July 23, 2018                    ERVIN COHEN & JESSUP LLP
                                        Robert M. Waxman
                                        Cate A. Veeneman


                                        By: /s/ Robert M. Waxman
                                            Robert M. Waxman
                                            Attorneys for VIZIO SERVICES, LLC

14676.1:9300656.3

11

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) GOODS AND SERVICES RENDERED; (3) AN ACCOUNTING; AND (4) IMPOSITION OF A CONSTRUCTIVE TRUST